IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,  :
      v.  : Case No. 3:09-cr-33-KRG-KAP
BRENNAN J. McGOUGH,  :(Case No. 3:11-cv-288-KRG-KAP)
    Movant  :

### Report and Recommendation

#### Recommendation

Brennan McGough filed a motion to vacate his conviction under 28 U.S.C.§ 2255. docket no. 183. It should be denied without a certificate of appealability.

#### Report

This Court sentenced movant Brennan McGough on April 7, 2011, to a term of 72 months imprisonment, after a negotiated plea agreement led to McGough's change of plea on November 8, 2010, to Count One of an indictment charging him and others with conspiracy to distribute five grams or more of crack cocaine. McGough seeks to vacate his sentence on the grounds that his attorney, Michael Filia, Esquire, was ineffective in several respects. Filia allegedly failed to discuss McGough' appeal options with him; misled him into taking the plea agreement by informing him that he would only be held accountable for one of the drug transactions charged in the indictment; never showed him a copy of his indictment; and did not challenge the advisory Sentencing Guideline offense conduct level or criminal history category computations of the Probation and Parole Office.

The government moved to enforce the waiver of post conviction relief signed by McGough, docket no. 188, Exhibit 1 at 6. McGough responded to that with a motion for appointment of counsel and a motion for transcripts, docket no. 191, a motion to proceed *in forma pauperis*, docket no. 192, and a notice of appeal, docket no. 189, even though no ruling has been made on his motion.

McGough's motion to proceed *in forma pauperis* is denied as unnecessary: no filing fee is required to file a motion to vacate. His motion for appointment of counsel and for transcripts is denied: appointment of counsel in a post conviction proceeding is for the purpose of helping a movant present what appears to be a meritorious claim, not for the helping movant to "research[] case law and review[] the record for errors," Motion at ¶1, to find whether he has a claim in the first place. The transcripts of McGough's plea and sentencing are available from the Clerk's office. If McGough, by his *in forma pauperis* motion, is tacitly seeking a free copy of those transcripts, that is denied.

The plea agreement signed by McGough "waives the right to file a motion to vacate sentence ... and the right to file any other collateral proceeding attacking his conviction or sentence." docket no. 188, Exhibit 1 at 3. At the entry of his guilty plea on November 8, 2010, McGough was present and testified under oath that he had received the copy of the charges against him (and I provided McGough with a copy of the indictment on October 26, 2009,

2

at the arraignment), that he was satisfied with Attorney Filia's representation, that there was a plea agreement applicable to his case, and that he had had an opportunity to read and discuss the plea agreement. McGough said that he understood that he would be entering a plea to Count One but that his offense conduct charged at Count Three would be taken into consideration in computing the advisory Sentencing Guideline offense conduct level, and understood that he was waiving his right to a direct appeal except in a limited number of cases.

The plea agreement also contained the condition that McGough was waiving his right to file a motion to vacate. This condition was stated aloud at the guilty plea proceeding by the Assistant United States Attorney, and then was stated aloud again by the Court. McGough, questioned by the Court, acknowledged that he understood this provision. docket no. 187, Plea Colloquy Transcript at 14.

Waivers of post conviction relief are valid and enforceable if knowingly and voluntarily entered into, unless enforcement would work a miscarriage of justice. United States v. Mabry, 536 F.3d 231, 236-37 (3d Cir.2008), cert. denied, 129 S.Ct. 2789 (2009). The transcript of the plea colloquy (which also contradicts most of McGough's claims on the merits) presents as strong evidence as can be imagined that McGough's waiver was

knowing and voluntary. The Supreme Court stated, in <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977), that:

[S]olemn declarations in open court carry a strong presumption of verity [and] [t]he subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

A motion to vacate under 28 U.S.C.§ 2255, like a habeas corpus petition under 28 U.S.C.§ 2254, is a guard against extreme malfunctions in the criminal justice system, not a substitute for or supplement to ordinary error correction through appeal. A motion to vacate therefore ought to advance specific and credible allegations detailing the nature and circumstances that make a waiver invalid or inequitable. McGough does not present even a conclusory allegation that his waiver was not knowing and voluntary. The Court's acceptance of the plea agreement and sentencing pursuant to that agreement constitute a finding that the waiver provision did not, as of the time of sentence, work a miscarriage of justice. McGough does not allege any facts or events since the date of his sentence that would make enforcement of the waiver inequitable. The motion to enforce the waiver of post conviction relief, docket no. 188, should be granted and the motion to vacate, docket no. 183, should be denied without a certificate of appealability.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: Septeber 6, 2012

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

>Brennan J. McGough, Reg. No. 11301-068
>F.C.I. McKean
>P.O. Box 8000
>Bradford, PA 16701